IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MISSOURI ASSOCIATION OF SCHOOL LIBRARIANS, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 23-CV-00536-SRB<br>) |
| JEAN PETERS BAKER, et al., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Before this Court is Plaintiffs' Motion to Remand. (Doc. # 6.) For the reasons discussed below, the motion is GRANTED. The case is hereby remanded to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1447(c).

### I. BACKGROUND

Missouri Revised Statute § 573.550 ("Statute") provides that a "person commits the offense of providing explicit sexual material to a student if such person is affiliated with a public or private elementary or secondary school in an official capacity and, knowing of its content and character, such person provides, assigns, supplies, distributes, loans, or coerces acceptance of. . . explicit sexual material to a student[.]" A person in violation of this Statute may be subject to criminal penalties.

On February 16, 2023, the Missouri Association of School Libraries and the Missouri Library Association (collectively, "Plaintiffs") filed a class action lawsuit in the Circuit Court of Jackson County, Missouri against Jean Peters Baker, in her official capacity as Jackson County Prosecuting Attorney and on behalf of a defendant class of all Missouri Prosecuting Attorneys.

Plaintiffs allege the Statute violates their rights under the Missouri Constitution. Plaintiffs further seek a declaratory judgment under Missouri Revised Statute § 527.010 ("Missouri Declaratory Judgment Act") that the Statute is unconstitutional. On July 21, 2023, Cole County Prosecuting Attorney, Locke Thompson ("Thompson"), in his official capacity, entered his appearance as a Defendant Class Member. Thompson timely removed this case based on federal question jurisdiction. Plaintiffs filed this pending Motion for Remand on August 28, 2023.

## II. LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the District Courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A plaintiff may challenge that removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). The removing party bears the burden of establishing subject matter jurisdiction. *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

"Federal question jurisdiction exists if the 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). Regarding the "well-pleaded complaint rule," the Supreme Court has held that the rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted).

## III. DISCUSSION

Here, Thompson contends that Plaintiffs' Petition contains "repeated allegations of violations of federal constitutional rights" and therefore, this Court has federal question jurisdiction under 28 U.S.C. § 1331. (Doc. #1, p. 9.) Plaintiffs disagree with Thompson's characterization of their Petition stating "[t]here is no constitutional claim or claim related to any federal law." (Doc. #7, p. 1.)

Upon review, the Court finds there is no federal question presented on the face of Plaintiffs' Petition. Plaintiffs' allegations include that the Statute "is unconstitutionally vague under the Missouri Constitution's Due Process Clause" and that "[b]ecause [the Statute] can and has been interpreted as requiring the removal of hundreds of titles . . . which in practice has included non-sexually explicit materials," the Statute is overbroad and violates Article 1, Section 8 of the Missouri Constitution. (Doc. #1-2, pp. 17, 18.) Plaintiffs' claims are based solely on the Missouri Constitution and Missouri law. Further, the Court finds no indication that Plaintiffs' Petition "obscures the suit's federal nature" because federal issues need not be resolved to address the Plaintiffs' Missouri law claims. *See Minnesota by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 720 n. 14 (8th Cir. 2023).

While Plaintiffs' Petition cites to federal caselaw in support of these claims, "[m]ere reference to federal statutes or laws in a state-court petition is not sufficient to create federal question jurisdiction." *Bridgeton Landfill, LLC v. Missouri Asphalt Prods., LLC*, No. 4:20 CV 1486 RWS, 2021 WL 663156, at *3 (E.D. Mo. Feb. 19, 2021). Indeed, the Missouri Supreme Court has stated that "analysis of a section of the federal constitution is strongly persuasive in construing the like section of our state constitution." *Doe v. Phillips*, 194 S.W.3d 833, 841 (Mo.

2006) (internal citation omitted). Here, Plaintiffs' references to federal caselaw are used merely as persuasive authority and do not create federal question jurisdiction.

Plaintiffs also seek a declaratory judgment under Missouri's Declaratory Judgment Act that the Statute is "unconstitutional facially as applied and may not be enforced." (Doc. #1-2, p. 19.) Thompson contends that a "broad request for a declaratory judgment as to the 'scope' of § 573.550 . . . necessarily requires the interpretation and application of the scope of federal constitutional law." (Doc. #14, pp. 7-8.) The Court finds no support for Thompson's position.

Courts in this district have held that "[i]t is improper to invoke the Missouri Declaratory Judgment Act" in federal court. *Dye v. Kinkade*, No. 2:15-CV-04021-MDH, 2015 WL 7313424, at *7 (W.D. Mo. Nov. 19, 2015); *see also Timber Point Properties III, LLC v. Bank of Am., N.A.*, No. 13-CV-03449-S-DGK, 2014 WL 2584825, at *5 (W.D. Mo. June 10, 2014) (stating "the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, applies in federal court," not the Missouri Declaratory Judgment Act). Ultimately, Plaintiffs' Petition seeks redress solely under the Missouri Constitution and a Missouri statute. Therefore, there is no federal question presented on the Petition's face.

Finally, Plaintiffs seek attorneys' fees under 28 U.S.C. § 1447(c). Attorneys' fees are warranted only when there was no "objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Given Plaintiffs' use of federal precedent to support their state law claims, the Court finds Thompson had an objectively reasonable basis for seeking removal. Therefore, the Court declines to award attorneys' fees.

## IV. CONCLUSION

Accordingly, Plaintiffs' Motion to Remand (Doc. #6) is GRANTED. Plaintiffs' request for attorneys' fees is DENIED. This case is hereby remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 27, 2023